**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JUAN DAVID VARGAS,

    Plaintiff,

vs.                                    Case No:      NI
                                          Hon.

AUTO TRUCK TRANSPORT USA LLC,
and CURTIS DWAYNE NEWMAN,
Jointly and Severally,

    Defendants.
_____/

THOMAS W. JAMES (P68563)
ALEXUS B. RINGSTAD (P82767)
MICHIGAN AUTO LAW, P.C.
Attorneys for Plaintiff
30101 Northwestern Highway
Farmington Hills, MI  48334
(248) 353-7575; Fax: 248-254-8082
tjames@michiganautolaw.com
aringstad@michiganautolaw.com
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

There is no other pending civil action arising out of the transaction or occurrence alleged in the complaint. This action was previously in front of Hon. Bernard Friedman with docket # 20-CV-13223, but was dismissed without prejudice.

                                /s/     Thomas W. James_____
                                THOMAS W. JAMES P68563

NOW COMES the above-named Plaintiff, JUAN DAVID VARGAS, by and through his attorneys, MICHIGAN AUTO LAW. P.C., and says:

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

1. That the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars.

2. That the Plaintiff, JUAN DAVID VARGAS, at all times material hereto, was a resident of the City of Dearborn, County of Wayne, and State of Michigan.

3. That the Defendant, CURTIS DWAYNE NEWMAN, at all times material hereto, was a resident of the Town of Good Hope, County of Walton, and State of Georgia.

4. That the Defendant, AUTO TRUCK TRANSPORT USA LLC, is a corporation with its principal place of business in the Village of Pleasant Prairie, County of Kenosha, and State of Wisconsin as Plaintiff is informed and believes.

5. There is complete diversity of citizenship under 28 USC section 1332, as AUTO TRUCK TRANSPORT USA LLC, is incorporated in Wisconsin and has its principal place of business in Wisconsin, and CURTIS DWAYNE NEWMAN is a citizen of Georgia, while Plaintiff, JUAN DAVID VARGAS, is a citizen of Michigan.

## COUNT I

6. That on or about September 27, 2019, at or about 12:15 p.m., the Plaintiff, JUAN DAVID VARGAS, was driving eastbound on I-96 at or near the intersection of Vernor, in the City of Detroit, County of Wayne and State of Michigan.

7. That at the aforementioned time and place, the Defendant, CURTIS DWAYNE NEWMAN, was driving a 2019 automobile, license number WP20738, with the express and implied consent and knowledge of its owner, AUTO TRUCK

TRANSPORT USA LLC, and was in the course and scope of his employment with AUTO TRUCK TRANSPORT USA LLC, said company being liable under the doctrine of Respondeat Superior and the Owner's Liability Act.

8. At that time and place, the Defendant, CURTIS DWAYNE NEWMAN, owed the Plaintiff, and the public the duty to obey and drive in conformity with the duties embodied in the Common Law, the Motor Vehicle Code of the State of Michigan, as amended, and the ordinances of the City of Detroit.

9. That the Defendant, CURTIS DWAYNE NEWMAN, did then and there display gross, willful and wanton negligence and misconduct by passing improperly and slamming into Plaintiff's vehicle, forcing him to spin out, hit, and land on top of the median.

10. That at the said time and place, Defendants CURTIS DWAYNE NEWMAN and AUTO TRUCK TRANSPORT USA LLC were guilty of gross, willful and wanton negligence and misconduct as follows:

    A. In driving at an excessive rate of speed, under the conditions then and there existing;

    B. In failing to yield the right of way;

    C. In driving in such a manner as to be unable to stop within the assured clear distance ahead;

    D. In failing to keep a reasonable lookout for other persons and vehicles using said highway;

E.     In failing to have the vehicle equipped with proper brakes and/or failing to apply said brakes in time;

F.     In failing to drive with due care and caution;

G.     In driving while distracted;

H.     In passing improperly;

I.     In failing to take all possible precautions to avoid any collision with other motor vehicles; and

J.     In failing to make and/or renew observations of the conditions of traffic on the highway;

11.     The Defendant CURTIS DWAYNE NEWMAN was further negligent in failing to obey and drive in conformity with the Common Law and the Motor Vehicle Code of the State of Michigan as amended and ordinances of the City of Detroit.

12.     That among those Statutes Defendants CURTIS DWAYNE NEWMAN and AUTO TRUCK TRANSPORT USA LLC violated include, but are not limited to the following:

| M.C.L. | 257.401 | Owner liability; |
|---|---|---|
| M.C.L. | 257.602(b) | Reading, typing or sending text message |
| M.C.L. | 257.626 | Reckless driving; |
| M.C.L. | 257.626(b) | Careless or negligent driving; |
| M.C.L. | 257.634 | Overtaking and passing on left of vehicle; |
| M.C.L. | 257.635 | Passing oncoming vehicles; |
| M.C.L. | 257.636 | Passing on left side of vehicle; |

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

| | | |
|---|---|---|
| M.C.L. | 257.638 | Limitations on passing; |
| M.C.L. | 257.649 | Right-of-way; stop signs; merging; |
| M.C.L. | 257.676b | Interference with flow of traffic; |
| M.C.L. | 257.705 | Brakes; |
| M.C.L. | 480.11, et seq. | Motor Carrier Safety Act of 1963; |
| 49 C.F.R. | | Motor Carrier Safety Act Code of Federal Regulations. |

13. That Defendants' negligence was the proximate cause of Plaintiff JUAN DAVID VARGAS being seriously injured, suffering a serious impairment of body function and/or permanent serious disfigurement plus other injuries to the head, neck, shoulders, arms, knees, back, chest and to other parts of his body, externally and internally, and some or all of which interferes with his enjoyment of life and experiencing great pain and suffering

14. That as a proximate result of said injuries, the Plaintiff JUAN DAVID VARGAS suffered traumatic shock and injury to the nervous system, causing severe mental and emotional anguish, which interferes with his enjoyment of life and may require psychiatric treatment, and more generally became sick and disabled, and some or all of said injuries, as set forth herein, may be permanent in nature.

15. That should it be determined at the time of trial that the said Plaintiff JUAN DAVID VARGAS was suffering from any pre-existing conditions, at the time of the aforesaid collision, then and in such event, it is averred that the negligence of Defendant precipitated, exacerbated and aggravated any such pre-existing conditions.

WHEREFORE, the Plaintiff, JUAN DAVID VARGAS, now claims judgment for whatever amount he is found to be entitled, plus court costs, attorney fees and interest from the date of filing this Complaint.

## **COUNT II**

NOW COMES the Plaintiff, JUAN DAVID VARGAS, and adds a Count II as follows:

16. Plaintiff hereby realleges, reaffirms and incorporates herein by reference all allegations in paragraphs numbered 1-15.

17. Plaintiff hereby claims damages for allowable expenses and work loss in excess of the daily, monthly, and three (3) year limitations plus all other economic damages allowable under the Michigan No-Fault Law.

18. Plaintiff hereby claims all non-economic damages for the serious impairment of body function and/or permanent serious disfigurement as more clearly set out in the injuries listed in Count I.

WHEREFORE, the Plaintiff, JUAN DAVID VARGAS, now claims judgment for whatever amount he is found to be entitled, plus court costs, attorney fees and interest from the date of filing this Complaint.

## **COUNT III**

NOW COMES the Plaintiff, JUAN DAVID VARGAS, and adds a Count III as follows:

19. Plaintiff hereby realleges, reaffirms and incorporate herein by reference all allegations in paragraphs numbered 1-18.

20. AUTO TRUCK TRANSPORT USA LLC is the employer of CURTIS DWAYNE NEWMAN who was acting within the course and scope of his employment with Defendant AUTO TRUCK TRANSPORT USA LLC at the time of the accident herein.

21. That in addition to the allegations set out in Counts I and II, Defendant CURTIS DWAYNE NEWMAN's employer, AUTO TRUCK TRANSPORT USA LLC is liable for Defendant CURTIS DWAYNE NEWMAN's negligence under the doctrine of Respondent Superior.

22. That as a proximate cause of Defendant CURTIS DWAYNE NEWMAN's negligence, Plaintiff JUAN DAVID VARGAS was seriously injured and suffered additional injuries and damages as set out in Counts I and II.

WHEREFORE, the Plaintiff, JUAN DAVID VARGAS now claims judgment for whatever amount he is found to be entitled, plus court costs, attorney fees and interest from the date of filing this complaint.

## **COUNT IV**

NOW COMES the Plaintiff, JUAN DAVID VARGAS, and adds a Count IV as follows:

23. Plaintiff hereby realleges, reaffirms and incorporates herein by reference all allegations in paragraphs numbered 1-22.

24. Defendant AUTO TRUCK TRANSPORT USA LLC owed the Plaintiff and the public at a large a duty to comply, and act in accordance with, the standards and requirements set forth in the Motor Carrier Safety Act, Title 49 of the Code of Federal Regulations; The Federal Motor Carrier Safety Regulations; and the Michigan Motor Carrier Safety Act of 1963.

25. Defendant AUTO TRUCK TRANSPORT USA LLC was directly negligent, independent of the negligence of Defendant CURTIS DWAYNE NEWMAN, in failing to comply with the standards and requirements as set forth in the Motor Carrier Safety Act, Title 49 of the Code of Federal Regulations; the Federal Motor Carrier Safety Regulations; and the Michigan Motor Carrier Safety Act of 1963; in one or more of the following ways:

    A. Failing to properly screen and investigate Defendant CURTIS DWAYNE NEWMAN prior to hiring him, or in hiring him notwithstanding knowledge of his inexperience, lack of knowledge, and poor driving record and safety record;

    B. Failing to properly direct, instruct, supervise, and train and/or control, Defendant CURTIS DWAYNE NEWMAN regarding the safe operation of a commercial vehicle and compliance with applicable Federal and Michigan Statutes;

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

    C.    Failing to take steps to ensure Defendant CURTIS DWAYNE NEWMAN's compliance with applicable Federal and Michigan statutes, and the standard of care for a truck driver; and

    D.    Failing to systematically and properly inspect and maintain a vehicle under its ownership or control, the FREIGHTLINER PT126SLP, license number WP20738, in accordance with the standards set forth in the Federal Motor Carrier Safety Regulations and Michigan Motor Carrier Safety Act.

26. Defendant AUTO TRUCK TRANSPORT USA LLC was negligent in failing to ensure that its employees and/or independent contractors adhere to the proper Federal and State regulations and/or failed to properly hire, direct, instruct, supervise, train, and/or control its employees, including but not limited to Defendant CURTIS DWAYNE NEWMAN.

27. The negligence of Defendant AUTO TRUCK TRANSPORT USA LLC in hiring, directing, instructing, supervising, training and/or controlling Defendant CURTIS DWAYNE NEWMAN was a cause of the collision.

28. Defendant AUTO TRUCK TRANSPORT USA LLC was negligent in failing to ensure that the vehicles under its ownership or control were systematically and properly inspected, maintained, and repaired, as required by the Motor Carrier Safety Act, Title 49 of the Code of Federal Regulations; the Federal Motor Carrier Safety Regulations; and the Motor Carrier Safety Act of 1963.

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

29. The negligence of Defendant AUTO TRUCK TRANSPORT USA LLC in systematically inspecting, maintaining, and repairing the vehicles under its ownership or control, was a cause of the collision.

30. The Defendant, AUTO TRUCK TRANSPORT USA LLC, carelessly, recklessly and negligently entrusted the aforementioned motor vehicle and the operation thereof to the defendant-driver, the latter being a person incompetent and unfit to drive a motor vehicle upon the highway of the State of Michigan by reason of inability, inexperience, lack of knowledge, and consistently negligent driving, all of which were known by Defendant AUTO TRUCK TRANSPORT USA LLC, or should have been known in the exercise of reasonable care and caution, such that the defendant-owners are hereby guilty of negligence, independent of the defendant-driver.

31. The negligence of Defendant AUTO TRUCK TRANSPORT USA LLC in entrusting the aforementioned motor vehicle, and the operation thereof, to Defendant CURTIS DWAYNE NEWMAN, was a cause of the collision.

WHEREFORE, the Plaintiff, JUAN DAVID VARGAS, now claims judgment for whatever amount he is found to be entitled, plus costs, attorney fees and interest from the date of filing this Complaint.

## COUNT V

NOW COMES the Plaintiff JUAN DAVID VARGAS, by and through his attorneys, MICHIGAN AUTO LAW, P.C., and adds a Count V as follows:

32. Plaintiff hereby realleges, reaffirms, and incorporates herein by reference herein all allegations in paragraphs numbered 1-31.

33. In addition to the allegations set out in Count I, Defendant AUTO TRUCK TRANSPORT USA LLC is liable for the negligence of Defendant CURTIS DWAYNE NEWMAN under statutory employee and/or statutory owner doctrines of liability.

34. In addition to the allegations set out in Count I, Defendant AUTO TRUCK TRANSPORT USA LLC is liable for the negligence of Defendant, CURTIS DWAYNE NEWMAN, under the Motor Carrier Safety Act, Title 49 of the Code of Federal Regulations.

35. In addition to the allegations set out in Count I, Defendant, AUTO TRUCK TRANSPORT USA LLC, is liable for the negligence of Defendant, CURTIS DWAYNE NEWMAN, under M.C.L. 257.401, Owner Liability and M.C.L. 480.11 et seq, Michigan's Motor Carrier Safety Act of 1963.

36. Defendant, AUTO TRUCK TRANSPORT USA LLC, was negligent in failing to ensure that its employees adhere to the proper regulations and/or failed to properly supervise, train, and/or control its employees, including but not limited to Defendant CURTIS DWAYNE NEWMAN.

37. Defendant, AUTO TRUCK TRANSPORT USA LLC, was negligent in its supervision of Defendant CURTIS DWAYNE NEWMAN.

38. The negligence of Defendant AUTO TRUCK TRANSPORT USA LLC in directing, instructing, and supervising Defendant CURTIS DWAYNE NEWMAN was a cause of the collision.

39. Defendant AUTO TRUCK TRANSPORT USA LLC negligently entrusted Defendant CURTIS DWAYNE NEWMAN with the vehicle owned by AUTO TRUCK TRANSPORT USA LLC.

40. That as a proximate result of Defendants' negligence, Plaintiff, JUAN DAVID VARGAS, was seriously injured and suffered additional injuries and damages as set out in Counts I and II.

WHEREFORE, the Plaintiff, JUAN DAVID VARGAS, now claims judgment for whatever amount he is found to be entitled, plus court costs, attorney fees and interest from the date of filing this Complaint.

                                        MICHIGAN AUTO LAW, P.C.

                                        BY: /s/ Thomas W. James_____
                                           THOMAS W. JAMES (P68563)
                                           ALEXUS B. RINGSTAD (P82767)
                                           MICHIGAN AUTO LAW, P.C.
                                           Attorneys for Plaintiff

Dated: April 12, 2021

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575